LEXINGTON MARKET AUTHORITY *v.*
ZAPPALA ET VIR

[No. 177, September Term, 1963.]

*Decided February 4, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*Jeffrey B. Smith,* with whom were *Paul E. Burke, Jr.,* and *Smith, Somerville & Case* on the brief, for the appellant.

Submitted on brief by *Stafford H. Plimack* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment entered upon a jury verdict after the trial court denied a motion for judgment N.O.V. The plaintiff sustained injuries from slipping on a spot of oil or grease in a self-service parking garage. The plaintiff was a business invitee, to whom the proprietor owed a duty to exercise ordinary care to keep the premises in a reasonably safe condition. *Nalee, Inc. v. Jacobs,* 228 Md. 525, 529; *Rawls v. Hochschild, Kohn & Co.,* 207 Md. 113, 117; *Moore v. Ameri-*

*can Stores Co.,* 169 Md. 541, 546. See also the cases in 62 A.L.R. 2d 6. But the burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence. *Montgomery Ward v. Hairston,* 196 Md. 595; *Rawls v. Hochschild, Kohn & Co., supra.* In the cases last cited the issue was withdrawn from the jury.

The plaintiff in the instant case did not observe any oil or grease on the floor when she parked her car. When she returned less than two hours later, she slipped while attempting to enter her car from the passenger side. For all we know, the oil or grease may have leaked from a car occupying the space beside her car, only a few moments before she returned. She did not see the oil or grease before she slipped. She had a large paper bag in her arms. It may well be that a garage keeper should anticipate that oil or grease may occasionally leak from parked cars, but he is not an insurer and we think it would be unreasonable to hold that it is his duty to continuously inspect and sand down any and all leakage as soon as it occurs, even if we assume that periodic inspections are necessary.

There is no evidence at all that the condition was caused by the proprietor or its employees, or that there was actual notice of the condition. On the record, we think the plaintiff failed to make out a case of constructive notice.

*Judgment reversed with costs, and entered for the defendant.*