## MOULDEN *v.* GREENBELT CONSUMER SERVICES, INC.

[No. 337, September Term, 1964.]

230

*Decided June 8, 1965.*

The cause was argued before HAMMOND, HORNEY, MAR-
BURY, SYBERT and BARNES, JJ.

*Robert C. Heeney,* with whom were *Heeney, McAuliffe &
McAuliffe* on the brief, for appellant.

*Edward B. Layne, Jr.,* with whom were *McInerney, Latham
& Layne* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

Appellant, Pauline H. Moulden, sued for damages resulting
from an injury she sustained from a fall in appellee's store. At
the conclusion of her case, appellee moved for a directed ver-
dict, which was granted by Judge Moorman, and a judgment
was entered in favor of the appellee for costs.

On December 7, 1960, at approximately 6:00 p.m., the appellant, then unmarried, went to the food supermarket owned by the appellee, located in Rockville. Accompanying her were her fiance and her ten year old daughter, Donna. The fiance took a food cart to the frozen food department while appellant, with her daughter, walked to aisle No. 7 where the bread and cookies were located. She was not carrying anything in her hands, and while walking along the aisle looking at the cookie display, she suddenly slipped. She tried to balance herself and swung her arms to keep from falling. She felt a numbness in her back and went to the front of the aisle to tell the assistant manager of the store, Lawrence Arnold, what had happened. He went to the location of the accident where he found a mashed, dry, green string bean, approximately six inches long.

Arnold testified that a janitor worked at the store until 3:30 p.m., and before departing each day, he would sweep the floor. He examined the floor to see that it was swept before 3:30 p.m. on the day of the accident, although he could not recall whether he walked down aisle No. 7 just prior to the accident. He stated that the store was selling string beans loose, but not in the area where the accident occurred. In the produce department, customers would put the beans in a bag and take it to one of the employees who would weigh them.

The daughter, who was ten years old at the time of the accident, testified that her mother did not fall but caught herself after she slipped. She held Donna's arm and said she had hurt her back. Donna saw the bean on the floor which she described as "* * * a gob of something. It smashed up and you couldn't tell what it was."

At the conclusion of the plaintiff's evidence, the defendant moved for a directed verdict on the ground that the plaintiff failed to establish a prima facie case sufficient to permit the court to submit the case to the jury. The court granted this motion.

The appellant contends that the trial court erred in taking the case from the jury because the coloring of the bean and its location were sufficient to make a prima facie case which required the appellee to go on with its evidence.

It is established law in this State that a proprietor of a store

owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and he will be held liable for injuries sustained by a customer in consequence of his failure to do so. *Nalee, Inc. v. Jacobs,* 228 Md. 525, 180 A. 2d 677; *Evans v. Hot Shoppes, Inc.,* 223 Md. 235, 164 A. 2d 273. However, the proprietor of a store is not an insurer of the safety of his customers while they are on the premises and no presumption of negligence on the part of the owner arises merely from a showing that an injury was sustained in his store. To recover in an action for damages, the plaintiff must show that the defendant was guilty of negligence which produced the particular injury alleged. Appellant argues that the trial court erred in failing to permit this case to go to the jury, and that in doing so, it failed to consider the evidence with the reasonable inferences to be drawn therefrom. It is true that a trial judge must assume the truth of all the evidence and all inferences which may be naturally and legitimately deduced from it which tend to support the plaintiff's right to recover in considering whether there is any evidence legally sufficient to warrant a finding of negligence. However, where the plaintiff has not shown by any evidence that the injuries sustained by him were a direct consequence of negligence on the part of the defendant, and there is no rational ground upon which a verdict for the plaintiff could be based, the trial judge should direct a verdict in favor of the defendant. *Rawls v. Hochschild, Kohn & Co.,* 207 Md. 113, 113 A. 2d 405; *Kaplan v. B. & O. R. R. Co.,* 207 Md. 56, 113 A. 2d 415. The evidence is legally sufficient to warrant submission of a case to the jury if it rises above speculation or conjecture, and so affords the rational basis needed for a determination that the defendant was guilty of negligence which produced the accident. A mere surmise that there may have been negligence will not justify the court in permitting the case to go to the jury. *Olney v. Carmichael,* 202 Md. 226, 96 A. 2d 37. The burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence. *Lexington Market v. Zappala,* 233 Md. 444, 197 A. 2d 147; *Montgomery Ward & Co., v. Hairston,* 196 Md. 595, 78 A. 2d 190.

In the case of *Orum v. Safeway Stores,* D.C. Mun. App., 138

A. 2d 665, where the plaintiff slipped on a string bean, the court, in affirming the lower court which granted a judgment n.o.v. in favor of the defendant, said:

> "There being no evidence as to how long the bean had been on the floor, and it being possible that another customer may have dropped it just before appellant stepped on it, any finding by a jury that the employees of the store saw the bean or should have seen it in time to remove it or warn appellant, would rest on pure conjecture and not on reasonable inference."

The plaintiff in the instant case was a business invitee walking in a grocery store. As she approached the front of the store, she slipped, and upon regaining her balance she observed something "green" on the floor. Subsequently, the assistant manager located a green string bean. The bean may have fallen from a grocery cart a few moments before she walked up the aisle. She did not see the bean before she slipped. The manager testified that he inspected the aisles periodically and had examined the aisle in which the accident occurred sometime after 3:30 p.m. on the day of the accident. However, the appellee is not an insurer and we think it would be unreasonable to hold that it is his duty to conduct a continuous inspection tour of the store. Since there was no evidence of actual or constructive notice of a dangerous condition, the trial court's granting of the motion for a directed verdict in the appellee's favor was correct.

*Judgment affirmed, appellant to pay the costs.*