### Borsa *v.* Great Atlantic & Pacific Tea Company, Appellant.

64

Argued November 11, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Robert J. Healy,* with him *Healy & Brandow,* for appellant.

*Murray R. Garber,* with him *Henry A. Onofrio,* for appellee.

OPINION BY JACOBS, J., December 16, 1965:

On Good Friday, April 12, 1963, Rose Borsa fell in the appellant's store in Bradford, Pennsylvania. The fall occurred shortly after 3:00 o'clock p.m. Appellant's store had been closed on that day from 12:00 o'clock noon until 3:00 o'clock p.m. in observance of Good Friday. Rose Borsa suffered injuries as the result of her fall and she and her husband, Cesidio Borsa, brought an action in trespass against the appellant. Mrs. Borsa sought to recover for her pain and suffering and Mr. Borsa asked for the medical expenses and his loss of consortium. Prior to trial Mrs. Borsa died for reasons unconnected with her injuries, and her husband as her personal representative was substituted for her. The jury brought in a verdict in favor of the plaintiff, Cesidio Borsa, individually, in the amount of $5,283.35. Appellant's motions for a new trial and judgment n.o.v. were refused by the court below and judg-

ment was entered on the verdict. It is from this judgment that the appellant appeals.

At trial the precise point at which Mrs. Borsa fell was disputed. Mrs. Robert Shaffer, who was also shopping in the store at the time, testified that Mrs. Borsa fell over a small bench, knee high or lower, which protruded six inches to a foot from under a counter or table into the aisle at the produce counter. She also said that after she and Mr. Grisham, appellant's produce manager, had helped Mrs. Borsa to her feet, Grisham "reached up and took a plant from somewhere, pulled the bench all the way out as far as he could get it and put this plant on it." Grisham testified that Mrs. Borsa fell near an Easter flower display table in the same aisle but several feet away from the place designated by Mrs. Shaffer. This display had two steps at each end, the lower step protruding beyond the step above it. There were flowers on top of the table but none on the lower step at the time of the fall. Grisham said that he put a plant on the lower step after Mrs. Borsa fell. Shelves were restocked and the area in question was swept and cleaned by appellant's employees while the store was closed from noon to 3:00 p.m.

Appellant argues that it was not negligent as a matter of law if Mrs. Borsa fell over the protruding bench because notice was not proved. It also argues that it was not negligent if Mrs. Borsa fell over a step of the flower display table because the display table was not negligently constructed or maintained. It also asks us to declare Mrs. Borsa contributorily negligent as a matter of law. If a judgment n.o.v. is not granted, appellant asks for a new trial on the ground that the jury should not have been allowed to consider both factual versions since under one version Mrs. Borsa could not recover as a matter of law.

Mrs. Borsa was a business visitor and as such was owed a duty by appellant to maintain the premises in a reasonably safe condition for the contemplated uses thereof and the purpose for which the invitation was extended. *Penn v. Isaly Dairy Co.*, 413 Pa. 548, 198 A. 2d 322 (1964); *Finney v. G. C. Murphy Company*, 406 Pa. 555, 178 A. 2d 719 (1962). The Supreme Court has also said that Section 343 of the Restatement of Torts is an accurate statement of the law of Pennsylvania. *Kubacki v. Citizens Water Company of Washington*, 403 Pa. 472, 170 A. 2d 349 (1961); *Martino v. Great Atlantic & Pacific Tea Company*, 419 Pa. 229, 213 A. 2d 608 (1965). Section 343, as stated in the *Kubacki* case, provides:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to give a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive, if the possessor is a public utility." Under either statement of the standard, appellant's arguments must fail.

Its argument that it cannot be liable under the protruding bench version of the fall because it had no notice of the protruding bench is unpersuasive. As an appellate court passing upon a request for judgment n.o.v., we must view all the evidence in the light most advantageous to the verdict-winner, resolving all conflicts therein in his favor, and giving him the benefit

of every fact and inference of fact which may be reasonably deduced therefrom. *Mack v. Ferebee,* 204 Pa. Superior Ct. 129, 203 A. 2d 350 (1964). We cannot say that the evidence, so viewed, will not support a finding by the jury that this bench was either put there by an employee of appellant, in which case notice need not be proved, *Penn v. Isaly Dairy Co.,* supra, or that appellant's employees knew or by the exercise of reasonable care could discover that it was there. The area in question had been swept by them between noon and 3:00 p.m. and the accident occurred shortly after 3:00 p.m. when the store re-opened. We will not invade the province of the jury and say that appellant could not have put it there or could not have discovered it during the three hour period when this area was cleaned.

Appellant's argument that it could not be liable under the flower display step version is also unconvincing. The flower display table was constructed by appellant's produce manager a few days before the fall occurred. It consisted of a wide board nailed onto the top step of a three-tier set of steps at each end of the board. On the table top was a display of Easter flowers. One thinking that this was an ordinary display table as she advanced along the side of it might turn sharply at the end of the table into the aisle where she fell without being aware of the protruding step, which did not have flowers on it. Whether this particular table was properly constructed and maintained by appellant for use in an aisle of a supermarket was a question properly left to the jury. *Bloomer v. Snellenburg,* 221 Pa. 25, 69 A. 1124 (1908). *Stenson v. Rechutti,* 416 Pa. 548, 207 A. 2d 760 (1965) and *Sloss v. Greenberger,* 396 Pa. 353, 152 A. 2d 910 (1959), cited by appellant on this point, do not govern this case because in those cases the court specifically said that "it is impossible to find anything dangerous or even improper or unreasonable in the present display." That is not our

case. This display table was not an ordinary table and we cannot say that the protruding step, not being used to display any product, did not make the display a dangerous one where placed.

Appellant next urges us to declare Mrs. Borsa guilty of contributory negligence as a matter of law. We may do this only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence. *Charles v. LaRue*, 205 Pa. Superior Ct. 88, 208 A. 2d 31 (1965). Mrs. Borsa, a business visitor, was owed by appellant the affirmative duty of keeping its premises reasonably safe for business visitors or of warning of any failure to maintain them in that condition, and she was entitled to rely on appellant's performance of this duty. *Vetter v. Great Atlantic & Pacific Tea Co.*, 322 Pa. 449, 185 A. 613 (1936). The standard of care applicable to a customer in a store is not as high as that imposed upon a pedestrian on a sidewalk. *Larson v. N. Snellenburg & Company*, 154 Pa. Superior Ct. 63, 35 A. 2d 540 (1944). In determining whether a business visitor's failure to observe a dangerous condition on the premises constitutes negligent inattention, the fact that the possessor of the premises has eye-catching objects on display which divert the visitor's attention is an important factor for consideration. *Yarkosky v. The Caldwell Store, Inc.*, 189 Pa. Superior Ct. 475, 151 A. 2d 839 (1959). In view of the fact that there were displays all around the area in which Mrs. Borsa fell, including an arrangement of Easter flowers covering the top of the unusual display table, we cannot say as a matter of law that Mrs. Borsa failed to exercise due care for her own protection. Whether or not she was using the caution expected of a reasonably prudent person under the circumstances was a question of fact for the jury and not of law for the court. The jury has found that she was exercising due care and we will not disturb that finding.

70

Appellant's motion for a new trial is based on the premise that plaintiff could not recover as a matter of law under the protruding bench version. Since the premise is wrong, the argument must be rejected. *Izzi v. Philadelphia Transportation Company*, 412 Pa. 559, 195 A. 2d 784 (1963), does not aid appellant on this point. In *Izzi*, the trial judge submitted the same set of facts to the jury on two theories, negligence and the doctrine of exclusive control. The exclusive control doctrine was not applicable; therefore, a new trial was required so that only the proper legal theory of liability could be applied by a jury in considering the testimony. In the case before us, two versions of the facts were presented in the testimony. Under either set of facts the plaintiff could recover if the negligence of the defendant was shown. It was for the jury to determine what the facts really were and to apply them to the law under instructions given by the trial judge. *Shapiro v. Philadelphia Electric Company*, 342 Pa. 416, 21 A. 2d 26 (1941). The issue under both sets of facts was negligence and no other legal doctrine was submitted to the jury. The *Izzi* case is inapplicable.

This case with its conflicting factual setting was a particularly appropriate one for the jury. We find no errors of law requiring us to interfere with its decision.

Judgment affirmed.