UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

No. 96-2068
(CA-95-884-CCB)

---

Marie S. Essex,

Plaintiff - Appellant,

versus

United States of America,

Defendant - Appellee.

---

O R D E R

---

The Court amends its opinion filed September 10, 1997, as follows:

On the cover sheet, section 7 -- the attorney information is deleted, and is replaced with the following:  "Elizabeth H. Hamlin, Dunkirk, Maryland, for Appellant.  Lynne A. Battaglia, United States Attorney, George L. Russell, III, Assistant United States Attorney, Baltimore, Maryland, for Appellee."

For the Court - By Direction

/s/ Patricia S. Connor

---

Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIE S. ESSEX,
Plaintiff-Appellant,

v.                                                                No. 96-2068

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-95-884-CCB)

Submitted: August 19, 1997

Decided: September 10, 1997

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Elizabeth H. Hamlin, Dunkirk, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, George L. Russell, III,
Assistant United States Attorney, Baltimore, Maryland, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marie Essex appeals the district court's order granting summary judgment to the United States in this action filed pursuant to the Federal Tort Claims Act (FTCA). After a de novo review of the record, see Bowling v. Wellmore Coal Corp., 114 F.3d 458, 460 (4th Cir. 1997), we affirm.

I

Mrs. Essex maintained a post office box at the Prince Frederick, Maryland, post office. On September 4, 1993, she entered the post office. It was drizzling that morning. Mrs. Essex crossed a floor mat that was positioned just inside the post office. When she stepped off the mat, her left foot slipped, and she fell, injuring herself.

Mrs. Essex said in her deposition that she was unsure whether she had wiped her feet on the mat prior to stepping on the floor. In a sworn declaration, a customer stated that Mrs. Essex did not wipe her feet. A postal employee testified that the area where Mrs. Essex fell was dry. Mrs. Essex also testified that she saw no water on the floor, which did not appear to be wet. Rather, the floor glistened as it usually did. She claimed to have slipped on the slick floor.

The custodian at the post office testified in his deposition that he had waxed the floors during the week prior to the fall. He stated that, after he waxed the floor, it was not slippery. Another postal worker who assisted Mrs. Essex after her fall testified that, if employees feel it is necessary, they take precautions to warn customers about wet floors. Some of the precautions are placing "wet floor" signs in the lobby and checking periodically to see if the floor is wet. No "wet floor" precautions were taken prior to Mrs. Essex's fall because the floors were not wet. Before Mrs. Essex fell, other postal customers

2

had entered and left the post office without incident and without bringing any dangerous condition to the attention of postal workers.

The district court found that Mrs. Essex did not establish that the postal employees had created a dangerous condition. Nor did she show that the employees had notice of a dangerous condition but failed to take precautions. Rather, if there was a dangerous condition, it was caused by a combination of the recently waxed floor and water on the soles of Mrs. Essex's shoes, which she failed to wipe upon entering the post office. The court concluded that, on these facts, there was no breach of duty to Mrs. Essex. The court accordingly entered summary judgment for the United States. Mrs. Essex timely appealed.

II

As the accident occurred in Maryland, Maryland law applies. See United States v. Neustadt, 366 U.S. 696, 706 n.15 (1961). In Maryland, the duty of care an owner or occupier of land owes to a visitor depends upon the status of the invitee. The highest duty of care is owed to business invitees. Tennant v. Shoppers Food Warehouse, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997). Mrs. Essex was a business invitee. See Casper v. Charles F. Smith & Son, Inc., 526 A.2d 87, 89 (Md. Ct. Spec. App. 1987).

A "business invitor is not an insurer of the invitee's safety." Tennant, 693 A.2d at 374. Rather, the invitor is obligated "to warn invitees of known hidden dangers, . . . to inspect, and . . . to take reasonable precautions against foreseeable dangers." Id. The invitor is liable for physical harm to an invitee caused by a condition of the premises if the invitor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

> (c) fails to exercise reasonable care to protect them against the danger.

3

Link v. Hutzler Bros., 335 A.2d 192, 195 (Md. Ct. Spec. App. 1975) (quoting Restatement (Second) of Torts § 343 (1965)). The burden is upon the invitee to show that the invitor created the dangerous condition or knew of its existence. Id.

Mrs. Essex did not meet her burden in this case. First, there was no showing that there was a dangerous condition. There was no evidence that the floor was wet or slippery from its recent waxing. Second, even if the floor was dangerous, there was no showing that postal employees knew or should have known of the danger. The custodian testified that the floor was not slick, other employees testified that it did not appear to be wet, and no other customers had complained about its being wet or slippery. We conclude that there was no breach of the duty owed to Mrs. Essex to exercise reasonable care to protect her from injury.

III

We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4