**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VIRGINIA C. PIELKE,
Plaintiff-Appellant,

v.                                                                    No. 97-1525

HOME DEPOT U.S.A., INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-96-3649-AMD)

Argued: June 2, 1998

Decided: July 15, 1998

Before WILKINSON, Chief Judge, and NIEMEYER and
MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Kreg Paul Greer, LAW OFFICES OF KREG PAUL
GREER, Towson, Maryland, for Appellant. Christopher Michael
Cihon, JACKSON & CAMPBELL, P.C., Washington, D.C., for
Appellee. **ON BRIEF:** Michael J. McManus, Scott Alton Mills,
JACKSON & CAMPBELL, P.C., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Virginia C. Pielke sued Home Depot U.S.A., Inc. ("Home Depot") for injuries she sustained while shopping at one of its stores. The district court granted Home Depot's motion for judgment on the pleadings. We affirm.

I.

According to the complaint, Home Depot owns and manages a number of retail self-service stores selling materials, tools, and equipment used to build, repair, and maintain houses. Among the available merchandise, it sells lumber, pipes, and other large heavy items. On or about November 1, 1993, Pielke and her husband were shopping in Home Depot Store No. 2504 in Towson, Maryland to purchase supplies for a home repair project.

After selecting several items, Pielke and her husband took them to a cashier's line in the front of the store. While her husband waited in line, Pielke decided to search for other items and began to walk through the store. As she was walking along an aisle near the store's Small Tools section, she was struck on the head by a section of heavy pipe, at least eight feet long. A customer was purchasing the pipe at a nearby cashier station. The counter at this station was much shorter than the pipe, requiring one either to hold the pipe vertically or to lay it across the counter and partly obstruct the aisle. After she was hit, Pielke turned toward the cashier station and saw a male customer and a female employee looking at her; the employee was laughing. After the male customer completed his purchases, he picked up the heavy pipe and left the area, apologizing to Pielke as he passed her. The employee did not attempt to ascertain the extent of Pielke's injuries or to learn the identity of the male customer.

Pielke's husband found her standing in the aisle near the Small Tools section. He accompanied her to a nearby bench and summoned the manager. Daron Duvall, the store manager, soon arrived at the scene. Pielke's husband explained what had occurred and asked Duvall to bring his wife a drink of water. Duvall agreed but did not return until approximately forty-five minutes later, only after Pielke's husband had paged him. Upon his return, Duvall explained that Home Depot was not responsible for the accident, that he would not fill out an accident report, and that they should have obtained the name of the customer who had apologized to her.

Since the accident, Pielke has suffered from severe tightness and pain in her neck and shoulders, severe headaches, pain in her jaw, and sinus problems. Also as a result of the accident, she has a posterior vitreous detachment with a large floater in her right eye, causing her to see a large black dot obstructing her field of vision in certain circumstances.

Pielke filed a two count complaint in Maryland Circuit Court, which Home Depot later removed. Count One alleged that Home Depot failed to protect Pielke from the risk of injury by other customers. Count Two alleged that Home Depot ignored its affirmative duty to determine the extent of Pielke's injuries, to offer and obtain emergency medical assistance, and to ascertain the identity of the male customer. After the district court granted judgment in Home Depot's favor, Pielke brought this appeal.

II.

We turn first to Pielke's claim that Home Depot was negligent in failing to protect her from the dangerous condition created by customers' mishandling of merchandise. Pielke maintains that Home Depot should have taken a number of steps to reduce the risk of injury in these circumstances such as warning customers of the risk of falling items and directing customers not to purchase long items at short counters. The district court dismissed this claim, reasoning that the risk of injury was open and obvious to Pielke and, alternatively, that the complaint did not allege that Home Depot had actual or constructive knowledge of this type of risk. We conclude that any risk to

3

Pielke was open and obvious and, therefore, agree with the district court's dismissal of this claim.

Since Pielke was a customer at the time of the accident, she is considered an invitee under Maryland law, see Houston v. Safeway Stores, Inc., 697 A.2d 851, 858 (Md. 1997), and Home Depot was required to use ordinary care to keep its premises safe and to protect her from injury caused by unreasonable risks about which it knew or could have discovered and that she was unlikely to discover. See Giant Food, Inc. v. Mitchell, 640 A.2d 1134, 1135 (Md. 1994); Wells v. Polland, 708 A.2d 34, 39-40 (Md. Ct. Spec. App. 1998). It is true that in Maryland this duty may require storekeepers to protect invitees from some dangers caused by the negligent acts of customers. See Mitchell, 640 A.2d at 1135; Eyerly v. Baker, 178 A. 691, 694 (Md. 1935). However, "[a] storeowner's duty to guard his invitees from the actions of third persons manifestly will not exceed, either in kind or degree, his general duty to such invitees." Litz v. Hutzler Bros. Co., 314 A.2d 693, 697 (Md. Ct. Spec. App. 1974); see also Tennant v. Shoppers Food Warehouse Md Corp., 693 A.2d 370, 375 (Md. Ct. Spec. App. 1997) (noting the limitations on a storekeeper's liability for dangers created by third parties).

A storekeeper's general duty does not extend to dangerous conditions that are open and obvious to the invitee. See Lloyd v. Bowles, 273 A.2d 193, 196 (Md. 1971); Tennant, 693 A.2d at 374; Litz, 314 A.2d at 697; see generally Restatement (Second) of Torts § 343A. In Tennant, the Maryland Court of Special Appeals recently reaffirmed this essential limitation on a storekeeper's liability:

> Like the owner, the invitee has a duty to exercise due care for his or her own safety. This includes the duty to look and see what is around the invitee. Accordingly, the owner or occupier of land ordinarily has no duty to warn an invitee of an open, obvious, and present danger.

693 A.2d at 374 (citing Casper v. Charles F. Smith & Son, Inc., 560 A.2d 1130 (Md. 1989)). To impose liability under such circumstances would effectively make the storekeeper an insurer of a customer's safety, a proposition repeatedly rejected by the Maryland courts. See,

4

e.g., Mitchell, 640 A.2d at 1135; Moulden v. Greenbelt Consumer Servs., Inc., 210 A.2d 724, 725 (Md. 1965).

Pielke's first negligence claim must fail because the risk of injury from a customer's mishandling of merchandise was open and obvious. Pielke clearly had a duty to exercise due care for her own safety. As part of this duty, a customer in a self-service store can be expected to watch out for other customers hauling heavy merchandise that might easily be fumbled or dropped. Indeed, according to the complaint, Pielke presumably was aware of this risk. She had entered the store with her husband to purchase various supplies and items for a home repair project and, prior to the accident, had taken those items to another cashier station, engaging in the very sort of activity that led to her injury.

In a similar case, the Maryland Court of Special Appeals held that a storekeeper did not have a duty to protect against such third-party acts. See Litz, 314 A.2d at 697-98. In Litz, a customer who had entered a store's revolving door was injured when two boys followed close behind her and spun it with great force. Id. at 694. In rejecting a claim that the storekeeper had the duty to protect the customer from the risk of this sort of injury, the court observed:

> [t]hat risk is not, however, an unreasonable risk such as gives rise to a duty to warn of danger incident to it. The inherent risk was as well known to its user as to the store-owner.

Id. at 697. Like the risk of injury from the revolving door in Litz, the risk of injury from customer mishandling of merchandise was "as well known to [Pielke] as to [Home Depot]." Thus, this risk did not give rise to a duty for Home Depot, and the district court properly dismissed this claim. Cf. Kight v. Bowman, 333 A.2d 346, 351 (Md. Ct. Spec. App. 1975) (sustaining demurrer in negligence action where defendant had no duty); Lusby v. Baltimore Transit Co., 72 A.2d 754, 756-57 (Md. 1950) (same).

III.

We next turn to Pielke's claim that Home Depot was negligent in failing to provide assistance after the accident had occurred. She

5

advances two theories: (1) that Home Depot breached the storekeeper's duty to provide emergency medical assistance to its customers and (2) that Home Depot was required to ascertain the identity of the customer whose pipe had struck her.

The district court properly dismissed this claim under both theories. Though Maryland storekeepers sometimes have a duty to provide aid to an invitee, see Southland Corp. v. Griffith , 633 A.2d 84 (Md. 1993), Home Depot's duty, if any, surely terminated once her husband arrived at the scene of the accident. See Restatement (Second) of Torts § 314A cmt. f (storekeeper not required "to give any aid to one who is in the hands of apparently competent persons who have taken charge of him"); see also Griffith, 633 A.2d at 91 n.8 (looking to comment f to "further clarify the rule"). Moreover, Pielke has cited no authority to support her novel argument that storekeepers have a duty to ascertain the identity of a customer who caused an accident. As a federal court, we are loath to enlarge the circumstances of liability beyond those boundaries carefully crafted by the Maryland courts.

IV.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED