Linda KURTZ

v.

WAL–MART STORES, INC.

Civil Action No. JKB–04–473.

United States District Court,
D. Maryland.

Oct. 19, 2004.

---

Eugene A Shapiro, Baltimore, MD, for Plaintiff.

Christopher R Dunn, Decaro Doran Siciliano Gallagher and Deblasis LLP, Lanham, MD, for Defendant.

## MEMORANDUM AND ORDER

JAMES K. BREDAR, United States Magistrate Judge.

This is a diversity action in which the plaintiff, Linda Kurtz, alleges personal injury from a slip and fall in a store operated by defendant Wal–Mart Stores, Inc., in Baltimore County. The defendant has moved for reconsideration of the denial of summary judgment. (Paper No. 23). The issues have been fully briefed (Papers No. 24 and 25), and no hearing is necessary. Local Rule 105.6. For the reasons set forth below, the motion is hereby DENIED.

The defendant takes issue with the Court's statement in its earlier Memorandum and Order that the testimony of the plaintiff that the spill on which she slipped had begun to dry at the edge is at least some evidence from which a reasonable inference could be drawn that the liquid had been on the floor for a sufficient length of time for a person under a duty of care to discover it to have done so. That statement, defendant posits, is erroneous because the Maryland courts "have consistently held that the condition of a hazard does not raise an inference of constructive notice." Paper No. 23, page 2. The Court finds, however, that the defendant's statement of Maryland law is overbroad and the cases cited in support of defendant's position are more narrowly drawn than defendant would allow. Specifically, *Moulden v. Greenbelt Consumer Services*, 239 Md. 229, 210 A.2d 724 (1965), is a case in which a shopper slipped on a string bean. There the plaintiff apparently argued, in opposition to a motion for directed verdict, that the coloring of the bean was sufficient evidence to raise an inference that it was on the floor for an extended period. The other case cited by the defendant is *Burwell v. Easton Memorial Hospital*, 83 Md.App. 684, 577 A.2d 394 (1990),

wherein the plaintiff slipped on remnants of a salad spilled on a stairway and stated that the lettuce was wilted and discolored. However, as Judge Alpert pointed out in *Burwell*, the fact that the lettuce was discolored raises no inference that the salad had been on the stairs for any length of time at all *because*, he points out, "the lettuce could have been brown before it ever landed on the stairs, or it could have turned brown when appellant stepped on it." *Id.* at 396, 577 A.2d 394. So, too, could the green bean in *Moulden*. The logical implication is not the same when applied to partially dried liquid. Interestingly, the treatise relied upon in part by Judge Alpert, 62A Am.Jur.2d Premises Liability § 593, refers to a case much closer factually to the one at hand. In *Foley v. F.W. Woolworth*, 293 Mass. 232, 199 N.E. 739 (1936), it was held that the consistency of vomit on a stairway, being partly dry and hard, warranted an inference that it had been on the stairway long enough to be discovered. Another section in that same treatise, 62A Am.Jur.2d Premises Liability § 577, provides insights specific to the age and appearance of debris. In *Smith v. Wal–Mart Stores, Inc.*, 6 S.W.3d 829 (Ky.1999), it was held that a customer who slipped on a blue liquid was entitled to a reasonable inference that, because the blue slushy drink believed to be the source normally was found in a semi-frozen state, it had remained on the floor for a sufficient time for the ice to melt, and thus the issue of whether the length of time it took for a normally slushy drink to melt was sufficient time for the store to discover it was a question for the jury. Likewise, it was held in *Audas v. Montgomery Ward, Inc.*, 79 Or.App. 718, 719 P.2d 1334 (1986), that evidence that the substance causing a fall was gooey, had a glaze over the top and was crusted over was sufficient to support an inference that the substance had been on the floor a sufficient length of time to

have been discovered through reasonable diligence. In sum, there is a substantive and logical difference between the cases wherein the condition of a foreign substance, by its nature, supplies clues as to how long it has been in place and those which do not. The cases relied upon by the defendant here simply do not dictate a general rule that under no circumstance does the condition of a foreign substance raise an inference as to how long it has been at the place that it is found.

The defendant also posits the puzzling proposition that a case relied upon by the Court in its earlier Memorandum and Order, *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md.App. 381, 693 A.2d 370 (1997), nowhere states that a store owner has a duty to inspect. The Court will repeat the language it previously quoted from *Tennant:*

> "The duties of a business invitor thus include the obligation to warn invitees of known hidden dangers, *a duty to inspect*, and a duty to take reasonable precautions against foreseeable dangers."

*Tennant*, at 374 (emphasis supplied). Moreover, the *Tennant* Court cited *Lexington Market Authority v. Zappala*, 233 Md. 444, 197 A.2d 147, 148 (1964), for the proposition that a parking garage owner had a duty to inspect. *Tennant*, at 375. Maryland clearly recognizes a duty of a store owner to inspect its premises.