**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1759**

---

ISAIAH BONGAM,

                                        Plaintiff - Appellant,

        versus

COSTCO WHOLESALE CORPORATION,

                                        Defendant - Appellee.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CA-02-3367-AW)

---

Submitted:  January 31, 2005        Decided:  February 28, 2005

---

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Sean D. Hummel, Washington, D.C., for Appellant.  William B.
Tiller, BEATYTILLER, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Isaiah Bongam appeals the district court's order granting judgment as a matter of law under Fed. R. Civ. P. 50(a), in favor of Costco Wholesale Corporation ("Costco"). We have reviewed the parties' briefs and the joint appendix and find no reversible error. We agree with Bongam that his testimony was subject to more than one interpretation and, therefore, that judgment as a matter of law based upon contributory negligence was not appropriate. Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc) ("Judgment as a matter of law is proper only if 'there can be but one reasonable conclusion as to the verdict.'") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)), cert. denied, 540 U.S. 1177 (2004). We nevertheless affirm the district court's judgment on alternative grounds. See United States v. Smith, __ F.3d __, 2005 WL 171374, at *2 (4th Cir. Jan. 27, 2005) ("We are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record.").

Our review of the trial testimony leads us to conclude that, had the jury considered the testimony relating to Bongam's claim of negligence, the jury could have drawn only one reasonable conclusion--that Bongam failed to establish a prima facie case of negligence. See Horridge v. St. Mary's County Dep't of Soc. Servs., 854 A.2d 1232, 1238 (Md. 2004) (discussing prima facie

case); <u>Moulden v. Greenbelt Consumer Servs., Inc.</u>, 210 A.2d 724, 725-26 (Md. 1965). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>