**Florence GELLERMAN, et al., Plaintiffs,**

v.

**SHAWAN ROAD HOTEL LIMITED PARTNERSHIP, et al.,
Defendants.**

**No. CIV. A. AMD 97–1754.**

United States District Court,
D. Maryland.

May 13, 1998.

Richard S. Ehrlich, Rockville, MD, Peter L. Graubard, Hollenberg, Levin, Solomon, Ross, Belsky & Daniels, LLP, Garden City, NY, for plaintiffs.

Mark C. Kopec, Whiteford, Taylor & Preston, LLP, Baltimore, MD, for defendants.

## ORDER

DAVIS, District Judge.

Plaintiff Florence Gellerman, a domiciliary of New York, tripped in close proximity to an uneven curb/sidewalk joint and fell to the ground while walking through the parking lot of a hotel during a visit to Maryland in August 1995. She and her husband brought this suit for damages based on Maryland law for the injuries Mrs. Gellerman sustained in her fall, and for loss of consortium. The Court has jurisdiction under the diversity statute. Pending before the Court is defendants' motion for summary judgment. No hearing is needed. The motion is granted.[1]

---

1. Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). If "the evidence [is] so one-sided that one party must prevail as a matter of law," the court must grant summary judgment in that party's favor. Id. at 268. "Summary judgment is not appropriate when there is an issue of fact for a jury to determine at trial, which is the case when there is sufficient evidence favoring the non-moving party upon which a jury can return a verdict for that party." Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir.1991). Plaintiffs contend here that whether the condition of the curb/sidewalk joint was "open and obvious" constitutes a question of fact. While this is frequently the case, I am persuaded here that reasonable minds could not disagree on this issue, and thus I determine it as a matter of law.

The accident occurred in mid-morning of a bright, sunny August day. Mrs. Gellerman was 68 years old and in good health, wearing sneakers. She did not wear glasses other than for reading. She was taking no medications that affected her ability to see or to walk without difficulty. She and Mr. Gellerman were returning to the hotel, and he had just parked their automobile. They were traversing the raised concrete median of the parking lot when Mrs. Gellerman fell as she was about to step down from the raised sidewalk to the surface of the parking lot, just yards from the hotel entrance which would take them to their room.

■ The alleged defect in the curb/sidewalk joint was the existence of a small space between the horizontal plane of the curb and the adjoining sidewalk, seemingly less than an inch, coupled with, at the position where Mrs. Gellerman fell, a separation, in the form of an expansion joint, in the concrete curb, clearly intended to be there incident to the construction and installation of the curb. In the direction of her travel, Mrs. Gellerman could not have caught the toe of her shoe in the space between curb and sidewalk or upon the edge of the curb because the plane of the curb was below and away from Mrs. Gellerman as she stood on the sidewalk. Thus, Mrs. Gellerman could not describe how she fell, or even whether her foot came into contact with the curb; she simply asserted on deposition that because she was looking out for on-coming cars (there were none), she did not find it appropriate or easy to observe the defect in the curbing. Mr. Gellerman was looking elsewhere and did not see Mrs. Gellerman fall.

■ The Maryland Court of Appeals succinctly summarized the elements of a claim of premises liability in *Mondawmin Corp. v. Kres*, 258 Md. 307, 313, 266 A.2d 8, 12–13 (1970):

> The Restatement of the Law of Torts, Second, sec. 343, sets forth the standards governing the relationship of landowner and business invitee with respect to a hazardous condition. The landowner is subject to liability for harm caused by a natural or artificial condition on his land if (a) he knows or by the exercise of reasonable care could discover the condition, (b) *he should expect that invitees will not discover the danger, or will fail to protect themselves against it,* (c) he invites entry upon the land without (1) making the condition safe, or (2) giving a warning. (emphasis added).

An important corollary of these rules is that "the owner or occupier of land ordinarily has no duty to warn an invitee of an open, obvious, and present danger." *Tennant v. Shoppers Food Warehouse*, 115 Md.App. 381, 693 A.2d 370, 374 (1997), citing *Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573, 582, 560 A.2d 1130 (1989).

■ "There is no exact test or formula by which it may be determined, as a matter of law, that a condition is so open and obvious that an invitee is charged with knowledge of its existence and consents to the risk. Each case must depend on its own facts and circumstances." *Adkins v. Sutherland Lumber Co.*, 307 S.W.2d 17, 22–23 (Mo.Ct.App.1957). Nevertheless, "[i]t is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a 'static' defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." *Crenshaw v. Hogan*, 203 Ga.App. 104, 105, 416 S.E.2d 147 (1992); *see also Scott v. Sears, Roebuck and Co.*, 789 F.2d 1052, 1054 (4th Cir.1986)("The pedestrian must be aware of the 'irregularities in grade, unevenness in surface [and] sharp depressions' frequently present in public walkways .... If the defect is open and obvious, an injured pedestrian may not recover unless he can prove that external conditions prevented his seeing the defect or would excuse his failure to see it .... Failure to observe would be excused only by a distraction that was unexpected and substantially beyond the miscellany of activity normally found on public sidewalks ....")(applying Virginia law; citations omitted).

■ I have carefully reviewed the parties' memoranda and exhibits, including photographic depictions of the location of the oc-

currence. I am persuaded that, as a matter of law, the condition of the curb/sidewalk joint on defendants' premises was open and obvious, and that Maryland law does not allow recovery under the circumstances presented in this case. Nor was the need to be alert to the possibility of moving vehicles on the parking lot, the layout of which provided wholly unobstructed views in all directions from plaintiffs' vantage point, "a distraction that was unexpected and substantially beyond the miscellany of activity normally found on" large parking lots, so as to excuse Mrs. Gellerman's failure to see what was there to be seen had she been properly observant in the exercise of reasonable care for her own safety.

Accordingly, for the reasons set forth herein, it is this 13th day of May, 1998, by the United States District Court for the District of Maryland, ORDERED

(1) That the defendants' motion for summary judgment is GRANTED AND JUDGMENT IS ENTERED IN FAVOR OF DEFENDANTS; and it is further ORDERED

(2) The Clerk shall CLOSE THIS CASE and MAIL a copy of this Order to all counsel.