# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4335

_____

| | | |
|---|---|---|
| Mary Ann Landers, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Aldi, Inc., a foreign corporation; | * | |
| Malan Realty Investors, Inc., | * | |
| | * | |
| Appellees. | * | |
| | * | |

_____

Submitted: May 15, 1998
Filed: August 19, 1998

_____

Before BOWMAN, Chief Judge, HEANEY and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Mary Ann Landers appeals the district court's[1] grant of summary judgment in favor of Aldi, Inc. ("Aldi") and Malan Realty Investors, Inc. ("Malan") in this diversity negligence action.  We affirm.

_____

[1] The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri, trying the case by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994).

BACKGROUND

Ms. Landers alleges that she sustained extensive personal injuries from slipping and falling in the parking lot of a strip mall owned by Malan, in which Aldi operated a grocery. Malan used small decorative stones to fill certain "curb islands" in the parking lot, and Landers alleges that the cumulative effect of wind, weather, and fellow travelers spread the stones around the lot. After exiting Aldi's store at 1:00 pm on November 21, 1994, Ms. Landers proceeded across the parking lot towards her car, but fell short of reaching it. She alleges her fall resulted from treading upon one of Malan's migratory stones.

Ms. Landers brought suit in state court, attempting to attach liability to Malan, the strip mall owner; and Aldi, whose grocery she had visited, under two distinct theories. In the lease with Aldi, Malan retained responsibility for, *inter alia*, cleaning, maintenance, and landscaping within the parking lot. Therefore, Landers claimed, Malan had a duty as owner and landlord of the mall and parking lot to keep the premises reasonably safe. Ms. Landers also claimed Aldi had a duty to provide her, a business invitee, a safe means of access to and egress from its store, under Demko v. H & H Inv. Co., 527 S.W.2d 382, 384 (Mo. Ct. App. 1975). The defendants properly removed the case to federal court. The district court and both defendants agreed that Aldi and Malan owe their invitees the duties alleged by Landers. However, the district court concluded that neither defendant breached those duties, and granted summary judgment in favor of both defendants. Ms. Landers appeals.

DISCUSSION

We review a district court's grant of summary judgment *de novo*. See Davis v. Francis Howell Sch. Dist., 138 F.3d 754, 756 (8th Cir. 1998). A federal court sitting in diversity applies the law of the forum state, Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), in this case, Missouri; and courts of appeals review *de novo* district court

2

determinations of state law.  See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

Our review of Missouri law convinces us that the district court accurately stated the applicable law regarding the duty Aldi and Malan owed Landers when it said:

> In Missouri, a possessor of land is subject to liability for injuries caused by a condition on the land to an invitee only if the possessor
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

(Dist. Ct. Order at 6; J.A. at 49, quoting Harris v. Niehaus, 857 S.W.2d 222, 225-26 (Mo. 1993)(en banc), quoting Restatement (Second) of Torts, § 343 (1965).)

Ms. Landers argues that the district court erred by granting summary judgment when there remains a genuine issue of material fact regarding whether the defendants could expect that she or other invitees would apprehend the danger posed by loose stones and take appropriate precautions to avoid that danger.  Because Landers acknowledges that she had seen the stones around the parking lot on previous visits to the strip mall, both when visiting Aldi and other stores which shared the lot, she admits that the stones posed an open and obvious danger, and that she herself knew of the risk. We consider that loose stones in a parking lot pose only a minimal danger to the general public, but assume *arguendo* that Malan and Aldi had either actual or constructive knowledge of any danger as open and obvious.  Under Missouri law, liability will only attach if they should have expected that invitees, despite apprehending the obvious danger, nonetheless would not take necessary minimal steps to avoid it.  Harris, 857 S.W.2d at 226.  Landers asserts that, since her necessary and minimal steps across the parking lot resulted in stepping on a stone, Aldi and Malan

3

could reasonably expect such an occurrence. She puts the cart before the horse. The fact that an accident has occurred does not color the legal question of whether or not the defendants could have reasonably expected customers to take appropriate precautions against an open and obvious danger. In this case, both the law of Missouri and the defendants reasonably expect that Landers, having apprehended the existence of the stones and any danger they posed, would herself take the appropriate precautions against injury. See Seymour v. Lakewood Hills Ass'n, 927 S.W.2d 405, 410 (Mo. Ct. App. 1996). Landers even acknowledges in her deposition that the stones tended not to fall far from the curb islands; that she had regularly traversed the parking lot without incident in the past; and that on the occasion of her accident she "wasn't paying attention to anything like" the presence or absence of stones. Appellant's App. at 59. The district court correctly concluded that she failed to create a genuine question of material fact on this issue.

Next, Landers asserts that the district court erred in holding that she failed to present sufficient evidence that one of the decorative stones actually caused her fall. Our review also convinces us that she presents insufficient evidence of causation as a matter of law. Landers does not know what caused her fall, but assumes that it might have been a stone since she had seen stones in the lot in the past. As she fell, she felt a small round object under her foot, about the size of a penny or dime, but she did not actually see it before falling, nor see any stones near her feet after she fell. She supports her conclusion that she fell on a stone by the acknowledged presence of stones in the lot, but this does not suffice to submit the case to a jury. "[A]t best, her statement is only a guess as to the cause of her fall. How and why plaintiff fell, on this record, is nothing more than speculation and conjecture, and speculation and conjecture do not constitute a prima facie showing of cause." Heacox v. Robbins Educ. Tours, Inc., 829 S.W.2d 600, 603 (Mo. Ct. App. 1992). The district court correctly concluded that Landers presented insufficient evidence of causation to submit to a jury.

4

CONCLUSION

Accordingly, we affirm the judgment of the district court.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. In my view, a genuine issue of material fact remains as to causation and whether the defendants could have reasonably expected customers to take appropriate precautions against an open and obvious danger. Returning to her car with her purchases, Landers tripped over one of many rocks strewn about the parking lot. Because a reasonable jury could conclude that the defendants were liable under these facts, I would reverse.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.