Victoria **CHAMBERLAIN,**
**et al., Plaintiffs.**

v.

**DENNY'S, INC., Defendant.**

**No. CIV. H–01–917.**

United States District Court,
D. Maryland.

Oct. 29, 2001.

557, 115 S.Ct. 2338, 132 L.Ed.2d 487 (1995).

Mark C. Miller, Law Office, Baltimore, MD, for plaintiffs.

Kevin Bock Karpinski, Allen, Johnson, Alexander & Karp, Baltimore, MD, for defendant.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Senior District Judge.

Plaintiff Victoria Chamberlain ("Mrs. Chamberlain") was injured when she tripped and fell on December 21, 1999, while exiting the ladies' room of a Denny's Restaurant located at 1412 Merritt Boulevard in Baltimore County Maryland. Joined by her husband, Mrs. Chamberlain has here sued Denny's, Inc. ("Denny's"), seeking compensatory damages for the personal injuries sustained by her and for loss of consortium. This civil action was originally filed in the Circuit Court for Baltimore City and was subsequently removed by the defendant to this Court pursuant to 28 U.S.C. § 1441(a) on the ground that diversity jurisdiction exists under 28 U.S.C. § 1332(a).

Count I of the complaint is based on a theory of negligence. Plaintiffs allege that Mrs. Chamberlain was a business invitee at defendant's restaurant and that defendant owed her a duty to use reasonable and ordinary care to repair and maintain the floor of its restaurant in a safe condition, or to give reasonable notice of an unsafe condition. Plaintiffs further allege that Mrs. Chamberlain's injuries were a direct and proximate result of the negligence and carelessness of the defendant. In Count II, plaintiffs seek damages for loss of consortium.

Following the conduct of discovery by the parties, defendant Denny's filed a motion for summary judgment. After plaintiffs had responded to that motion, defendant filed under Rule 12(j), F.R.Civ.P., a motion to strike an affidavit submitted by plaintiffs in opposition to defendant's motion for summary judgment. The affidavit was that of Michael Chamberlain, the son of the plaintiffs.

The parties have submitted memoranda and exhibits in support of and in opposition to both of the motions filed by defendant, including photographs, excerpts from depositions, affidavits and other evidentiary materials. A hearing on the motion was held in open court on October 22, 2001. At that hearing, the Court, in an oral opinion, denied defendant's motion to strike the affidavit of Michael Chamberlain, but took under advisement defendant's motion for

summary judgment. The Court noted that if defendant's motion was denied, it would be without prejudice to the right of defendant to undertake further discovery and re-file the motion at a later date.

Following a further review of the pleadings, memoranda and exhibits, this Court has concluded that defendant's motion for summary judgment must be denied.

## I

### Background Facts

On December 21, 1999, at approximately 6:00 a.m., plaintiffs entered the Denny Restaurant located at 1412 Merritt Boulevard in Baltimore County, Maryland for breakfast. After ordering coffee, Mrs. Chamberlain went to the ladies' room. In order to reach the ladies' room, Mrs. Chamberlain went through one door, into an alcove area, then through another door to enter the ladies' room. The floor in the alcove area is comprised of terra cotta briquettes designed to look like brick, laid in a standard brick masonry pattern and grouted with black cement.

After exiting the ladies' room, Mrs. Chamberlain tripped and fell in the alcove area. After falling, she was able to get the attention of her husband and a waitress, who helped her back to their booth. Mrs. Chamberlain was subsequently taken by ambulance to Johns Hopkins Bayview Medical Center, where she was diagnosed as having suffered a hip fracture. She here claims that she tripped as a result of an unsafe, uneven, defective condition in the floor.

Michael Chamberlain is the son of the plaintiffs, is a mason and has been a member of the International Bricklayers' Association for fifteen years. He investigated the area where his mother fell at the Denny's restaurant and observed repair work to the brick tile floor evidenced by different colored brick tiles and grout. According to Michael Chamberlain, the floor in the area was recessed and uneven with elevated brick tiles.

Plaintiffs' daughter-in-law has taken color photographs of the area in question. Three of these photographs have been submitted as exhibits in the case.

## II

### Applicable Principles of Law

The principles to be applied by this Court in considering a motion for summary judgment under Rule 56, F.R.Civ.P., are well established. A party moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). Where, as here, the nonmoving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In *Phoenix Sav. & Loan, Inc. v. Aetna Cas. Co.*, 381 F.2d 245, 249 (4th Cir.1967), the Fourth Circuit Court of Appeals summarized the principles applicable under Rule 56 as follows: "It is well settled that summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *Id.* Hence, the party opposing a motion for summary judgment is entitled to all favorable inferences which can be drawn from the evidence. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct.

1598, 26 L.Ed.2d 142 (1970); *Cram v. Sun Ins. Office, Ltd.*, 375 F.2d 670, 674 (4th Cir.1967).

The party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact. *Barwick*, 736 F.2d at 958. This burden is met by consideration of affidavits exhibits, depositions and other discovery materials. *Id.* Nevertheless, "[t]he facts, and the inferences to be drawn from the facts, must be viewed in the light most favorable to the party opposing the motion." *Ballinger v. North Carolina Agric. Extension Serv.*, 815 F.2d 1001, 1004–05 (4th Cir.1987), *cert. denied*, 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987) (citing *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985)).

In Maryland, the duty that an owner or occupier of land owes to persons entering onto the land varies according to the visitor's status as an invitee (i.e., a business invitee), a licensee by invitation (i.e., a social guest), a bare licensee, or a trespasser. *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md.App. 381, 387–88, 693 A.2d 370 (1997) (citations omitted). The highest duty is owed to a business invitee, defined as "one invited or permitted to enter another's property for purposes related to the landowner's business." *Id.* at 388, 693 A.2d 370.

Storekeepers owe their business invitees or customers a duty of ordinary and reasonable care to maintain their premises in a reasonably safe condition. *Moulden v. Greenbelt Consumer Serv.*, 239 Md. 229, 232, 210 A.2d 724 (1965). The customer is entitled to assume that the storekeeper will exercise reasonable care to ascertain the condition of the premises, and, if he discovers any unsafe condition, he will either take such action as will correct the condition and make it reasonably safe or give a warning of the unsafe condition. *Rawls v. Hochschild, Kohn &*

*Co.*, 207 Md. 113, 117–18, 113 A.2d 405 (1955). The duties of a storekeeper thus include the obligation to warn customers of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers. *Tennant*, 115 Md.App. at 388, 693 A.2d 370.

Nevertheless, storekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises. *Rawls*, 207 Md. 113 at 118, 113 A.2d 405. A storekeeper's liability under negligence principles for a customer's injuries arises only from a failure to observe the duty of ordinary and reasonable care. *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134 (1994) (citations omitted).

Under Maryland law, negligence is doing something that a person using ordinary care would not do or not doing something that a person using ordinary care would do. MPJI 19:1. Ordinary care means that caution, attention or skill a reasonable person would use under similar circumstances. *Id.* Negligence is a relative term and must be decided upon the facts of each particular case. *Fowler v. Smith*, 240 Md. 240, 246, 213 A.2d 549 (1965). As the Court of Appeals has stated in that case an oft-quoted passage:

> Ordinarily [negligence] is a question of fact to be determined by the jury, and before it can be determined as a matter of law that one has not been guilty of negligence, the truth of all the credible evidence tending to sustain the claim of negligence must be assumed and all favorable inferences of fact fairly deducible therefrom tending to establish negligence drawn....*And Maryland has gone almost as far as any jurisdiction that we know of in holding that meager evidence of negligence is sufficient to carry the case to the jury. The rule has

*been stated as requiring submission if there be any evidence, however slight, legally sufficient as tending to prove negligence, and the weight and value of such evidence will be left to the jury.* (Emphasis supplied.)

*Id.* (citations omitted); *see also Giant Food, Inc. v. Scherry,* 51 Md.App. 586, 592, 444 A.2d 483 (1982).

## III

### Discussion

■ Following its review of the record here, this Court concludes that the issue of negligence presented cannot be determined as a matter of law at this stage of the case. When viewed in a light favorable to the plaintiffs, the evidence produced by them is sufficient to permit them to go forward with their claim that defendant Denny's was negligent and breached the duty owed by it to Mrs. Chamberlain as a business invitee on the day in question. Evidence also exists to support plaintiffs' claim that defendant's negligence was the proximate cause of the injuries sustained by Mrs. Chamberlain.

According to Michael Chamberlain, the floor in the area where his mother fell was recessed and uneven with elevated brick tiles. A mason himself, Michael Chamberlain noted that repair work had been done to the brick tile floor, as evidenced by different colored brick tiles and grout. He stated that the unevenness of the floor was not discernible because of the brick work design and its location in front of the door. The photographs which form a part of the record support in part the statements of Michael Chamberlain. At her deposition, Mrs. Chamberlain testified that she knew that her foot caught "on the bricks there."

■ Defendant argues that plaintiffs have not met their burden of producing evidence showing that defendant had actual or constructive knowledge of the dangerous condition created by the re-

cessed and uneven floor. However, according to Michael Chamberlain, repair work had been done to the brick tile floor. If there is proof that a defendant negligently caused the dangerous condition, a plaintiff does not have to prove notice to prevail in a case like this one. *Link v. Hutzler Bros. Co.,* 25 Md.App. 586, 594, 335 A.2d 192 (1975). If the evidence here is viewed in a light favorable to the plaintiffs, it may reasonably be inferred that the recessed and uneven floor with elevated brick tiles was caused by improper repair work done by or ordered by defendant Denny's.

■ Defendant's reliance on *Gellerman v. Shawan Road Hotel Limited Partnership,* 5 F.Supp.2d 351 (D.Md.1998) is misplaced. The Court there determined as a matter of law that the condition of the curb/sidewalk joint on defendants' premises was open and obvious. *Id.* at 354. The facts here are quite different and are disputed. It cannot in this case be determined as a matter of law that the condition of the premises claimed to be dangerous was so open and obvious that Mrs. Chamberlain must be charged with knowledge of its existence.

In denying defendant's motion to strike the affidavit of Michael Chamberlain, the Court indicated at the hearing that, because of plaintiff's failure to previously identify him as a witness in the case, defendant should have the right to depose this affiant and ascertain pertinent facts relating to his observation of the condition of the floor where his mother fell. Accordingly, the Court will deny defendant's pending motion for summary judgment without prejudice to the right of defendant to take the deposition of Michael Chamberlain and to file a renewed motion for summary judgment if additional discovery would support such a motion. Plaintiffs themselves have filed a motion to modify

1070

the Scheduling Order and extend the time for discovery so that plaintiffs may take the deposition of Denny's manager who was on duty at the time that the plaintiff fell. That motion will be granted. The Court will enter a Revised Scheduling Order extending the time for the completion of discovery and setting new dates for the filing of any dispositive motions and for a final pretrial conference.

## IV

### Conclusion

For all the reasons stated, defendant's motion for summary judgment will be denied without prejudice, and plaintiff's motion to modify the Scheduling Order and extend the time for discovery will be granted. Accordingly, it is this _____ day of October, 2001 by the United States District Court for the District of Maryland,

ORDERED:

1. That the motion for summary judgment of defendant Denny's, Inc. is hereby denied without prejudice; and

2. That plaintiffs' motion to modify Scheduling Order and extend the time for discovery is hereby granted.