Victoria **CHAMBERLAIN**,
et al., Plaintiffs,

v.

**DENNY'S, INC.**, Defendant.

No. CIV. H–01–917.

United States District Court,
D. Maryland.

April 22, 2002.

---

Harry Walter Blondell, Mark C. Miller, Baltimore, MD, for plaintiffs.

Kevin Bock Karpinski, Lisa M. Sifford, Allen Karpinski Bryant and Karp, Baltimore, MD, for defendant.

## MEMORANDUM AND ORDER

HARVEY, Senior District Judge.

There have been extensive pretrial proceedings in this civil action. This case was removed from state court to this Court on March 26, 2001, and a Scheduling Order was entered by the Court on March 29, 2001. Pursuant to that Scheduling Order, depositions and all other discovery had to be completed by the parties by July 27, 2001.

Following the conduct of discovery by the parties, defendant Denny's, Inc. ("Denny's") filed a motion for summary judgment on August 17, 2001. After plaintiffs had responded to that motion, defendant filed under Rule 12(j), F.R.Civ.P., a motion to strike an affidavit submitted by plaintiffs in opposition to defendant's motion for summary judgment. The affidavit was that of Michael Chamberlain, the son of the plaintiffs. On October 17, 2001, plaintiffs filed a motion to modify the Scheduling Order and extend the time for discovery.

A hearing on pending motions was held in open court on October 22, 2001. At that hearing, the Court, in an oral opinion, denied defendant's motion to strike the affidavit of Michael Chamberlain but took under advisement defendant's motion for summary judgment.

In a Memorandum and Order filed on October 29, 2001, this Court denied defendant's motion for summary judgment without prejudice and granted plaintiff's motion to modify the scheduling order and extend the time for further discovery. *Chamberlain v. Denny's, Inc.,* 166 F.Supp.2d 1064 (D.Md.2001). The Court's ruling was based in large part on the affidavit of Michael Chamberlain. Since Michael Chamberlain had not been previously identified as a witness in the case, the Court granted defendant the right to depose him and ascertain pertinent facts relating to his observations of the condition of the floor where his mother fell. *Id.* at 1069. Defendant's motion for summary judgment was accordingly denied without prejudice to the right of defendant to take the deposition of Michael Chamberlain and to file a renewed motion for summary judgment if additional discovery would support such a motion. *Id.* A Revised Scheduling Order was entered on October 29, 2001, extending the time for the completion of all discovery in the case until December 10, 2001.

On December 19, 2001, plaintiffs filed another motion to modify the Scheduling Order and extend the time for the completion of discovery. Counsel for defendant had previously indicated that defendant intended to file a renewed motion for summary judgment. A status conference was held with the Court on January 4, 2002, during which the Court set a briefing schedule for defendant's renewed motion for summary judgment and agreed to once again extend the date for the completion of discovery. In its letter to counsel of January 7, 2002, the Court directed that all discovery was to be completed by January 18, 2002.

A hearing on defendant's renewed motion for summary judgment was held in open court on February 22, 2002. After hearing argument, the Court took the matter under advisement. In its Memorandum and Order of February 26, 2002, the Court denied defendant's renewed motion for summary judg-

ment and scheduled a final pretrial conference in the case. In that ruling, the Court concluded that the deposition testimony and affidavit of Michael Chamberlain and the deposition testimony of the plaintiff Victoria Chamberlain were sufficient to permit plaintiffs to go forward with their claim that defendant was negligent and had breached the duty owed by it to Mrs. Chamberlain as a business invitee on the day in question. (Slip op. at 8).

The final pretrial conference was held in this case on March 14, 2002. That same day, defendant filed a motion to strike Michael Chamberlain as an expert or in the alternative for leave to name a rebuttal expert. The Pretrial Order was entered by the Court on March 14, 2002, and a trial date was scheduled in this case for June 10, 2002. Michael Chamberlain was listed in the Pretrial Order as an expert witness to be called by plaintiffs to testify at the trial.

Memoranda and exhibits have been filed by the parties in support of and in opposition to defendant's pending motion to strike or for leave to name a rebuttal expert. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons stated herein, defendant's motion to strike Michael Chamberlain as an expert will be denied, and its alternative motion for leave to name a rebuttal expert will also be denied.

■ Defendant argues that during discovery Michael Chamberlain was not disclosed as an expert witness as required by Rule 26(a)(2)(A), F.R.Civ.P. Defendant further complains that no written expert report has been produced by plaintiffs as required by Rule 26(a)(2)(B) and contends that plaintiffs should therefore not be permitted to call Michael Chamberlain as an expert witness at the trial. However, this Court has already ruled on plaintiffs' right to call Michael Chamberlain as a witness in this case. When the affidavit of Michael Chamberlain was submitted in opposition to defendant's first motion for summary judgment, defendant filed a motion to strike that affidavit. In its oral opinion rendered in open court on October 22, 2001, the Court agreed with de-

fendant's assertion that plaintiffs had not properly responded to defendant's discovery requests by revealing the name of Michael Chamberlain as a witness to be called at the trial. Nevertheless, the Court decided to excuse such noncompliance because the evidence to be presented by the witness was particularly significant and dealt with a key issue in the case.[1] Several days after his mother fell, Michael Chamberlain personally viewed the brick work located in the alcove area of the restaurant where the fall occurred. In allowing plaintiffs to present the evidence in question, the Court extended the time for the completion of discovery and permitted counsel for defendant to depose Michael Chamberlain so that defendant might challenge on the merits the testimony to be presented by him at the trial.

Counsel for defendant did in fact take the deposition of Michael Chamberlain on December 11, 2001. Later, this deposition testimony was discussed in the parties' briefs and during the hearing on defendant's renewed motion for summary judgment held on February 22, 2002. In its Memorandum and Order of February 26, 2002, the Court relied on the deposition testimony and affidavit of Michael Chamberlain in denying defendant's renewed motion for summary judgment. (Slip op. at 7–8).

Under the circumstances here, defendant cannot claim unfair surprise or prejudice if Michael Chamberlain is permitted to testify at the trial as an expert. Defendant has known for some months that plaintiffs would be relying on the testimony of Michael Chamberlain in this case. The deposition of Michael Chamberlain was taken by counsel for defendant, and counsel is therefore well aware of the testimony to be presented by this witness at the trial. It was apparent from the affidavit of Michael Chamberlain and from his deposition that his testimony would include opinions based on his specialized knowledge.

Defendant does not object to plaintiffs' right to call Michael Chamberlain as a lay witness pursuant to Rule 701, F.R.E., but

---

**1.** The Court accepted the explanation given by plaintiffs' attorney that he did not know of the

observations made by Michael Chamberlain until after the cut-off date for discovery.

argues that plaintiffs should not be permitted to call him as an expert witness pursuant to Rule 702. However, it has been well known during the lengthy pretrial proceedings in this case that Michael Chamberlain is a mason and has been a member of the International Bricklayers' Association for fifteen years.[2] This was disclosed in Michael Chamberlain's original affidavit which included his opinion that the floor was recessed and uneven and that the floor's unevenness was not discernable by virtue of the brick work design and location. When he took the deposition of Michael Chamberlain, counsel for defendant examined him at some length concerning his experience in the field of masonry and his prior employment as a mason. (Dep. Tr. at pp. 6–15). Throughout his deposition, Michael Chamberlain gave opinions which were obviously based on his specialized knowledge as a mason. The basis for these opinions was fully explored by counsel during the deposition. It is specious for counsel for defendant, after spending so much time questioning Michael Chamberlain concerning his expertise, to now contend that defendant did not know that this witness was being called as an expert until he was so designated in the Pretrial Order.

For these reasons, defendant's motion to strike Michael Chamberlain as an expert will be denied. Michael Chamberlain will be permitted to testify as an expert at the trial in this case.

■ Defendant's alternative motion for leave to name a rebuttal expert will also be denied. It is much too late in this case to now permit the naming of another expert and to again extend the discovery deadline. The cutoff date for discovery has previously been extended on several occasions. Defendant does not explain why, after taking the deposition of Michael Chamberlain on December 11, 2001, it did not seek leave from the Court to name a rebuttal expert if one was then deemed necessary. In its oral opinion rendered in open court on October 22, 2001, the Court, in denying defendant's motion to strike the affidavit of Michael Chamberlain, permitted defendant to take the deposition of this witness and "even to introduce any evidence that might pertain to this new evidence which [has] come [forward] in the case." (Hearing Tr. at 18). The Court also indicated that it was prepared to reopen discovery to permit defendant "to challenge what is in the affidavit..." *Id.* Despite the Court's invitation, defendant chose not to seek leave to name a rebuttal expert until the filing of the pending motion.

At the status conference held on January 4, 2002, the cutoff date for discovery was extended until January 18, 2002. There was ample time for defendant to seek leave of court to name a rebuttal expert so that counsel for plaintiffs might have an opportunity to depose that expert before the cutoff date for discovery. It is much too late to now permit defendant to name an expert witness to be called to testify at the trial. A final pretrial conference has been held and a trial date has been set.

For all these reasons, it is this _____ day of April, 2002, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant's motion to strike Michael Chamberlain as an expert is hereby denied; and

2. That defendant's alternative motion for leave to name a rebuttal expert is also denied.

---

**2.** Even if he could not properly be termed an expert, Michael Chamberlain would be permitted to render an opinion in this case as a lay witness pursuant to Rule 701, F.R.E. He visited the site and personally observed the condition of the flooring where his mother's fall occurred. Whether or not his trial testimony is based on his specialized knowledge, the opinions to be given by him are rationally based on his perception and would be helpful to the determination by the jury of a fact in issue. *See* Rule 701(a) and (b).