Rosanna SMITH, Appellant,

v.

THE CALLAWAY BANK, Respondent.

No. WD 73035.

Missouri Court of Appeals,
Western District.

Feb. 28, 2012.

Michael Blum, Columbia, MO, for appellant.

Thoma M. Ward and Elizabeth S. Silker, St. Louis, MO, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, Presiding, MARK D. PFEIFFER, Judge, and ANN MESLE, Special Judge.

LISA WHITE HARDWICK, Chief Judge.

Rosanna Smith ("Smith") appeals the summary judgment ruling that denied her personal injury claims against The Callaway Bank ("Bank"). For reasons explained herein, we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

The following facts are undisputed by the parties. On June 30, 2003, Smith drove to the Bank, located at the corner of Court and Fifth Street in Fulton, Missouri, to cash a check. She completed the transaction and walked out of the Bank as she was counting the cash received.

Outside the Bank entrance, trees were planted along the sidewalk in a landscaped area with surrounding lava rock. On that day, a few lava rocks were scattered on the sidewalk, outside of the landscaped area. As Smith walked toward her car, she stepped on a lava rock and suffered an injury when she twisted her ankle.

On June 30, 2008, Smith filed a Petition for Damages against the Bank, asserting claims of *respondeat superior*, negligence, and premises liability for her ankle injury. After discovery, the Bank filed a Motion for Summary Judgment, arguing that it did not owe a duty to protect Smith from harm because the lava rocks scattered upon the sidewalk constituted an open and obvious danger to invitees. The circuit court granted the motion and entered judgment in favor of the Bank on all claims. Smith appeals the summary judgment.

## STANDARD OF REVIEW

When considering an appeal from a summary judgment, our review is *de novo.*

1. All rule citations are to Missouri Rules of Civil Procedure (2011) unless otherwise not-

*ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.banc 1993). Summary judgment shall be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 74.04(c)(6).[1] We review the record in the light most favorable to Smith as the party against whom summary judgment was entered. *Wills v. Whitlock,* 139 S.W.3d 643, 646 (Mo.App.2004). We take as true facts set forth by affidavit or otherwise in support of the Bank's summary judgment unless contradicted by Smith's response to the motion. *ITT,* 854 S.W.2d at 376. Smith's response must show the existence of some genuine dispute as to a material fact necessary to her right to recover. *Wills,* 139 S.W.3d at 646.

## ANALYSIS

In her two points on appeal, Smith contends the circuit court erred in granting summary judgment because genuine issues of material fact exist as to whether the lava rock scattered on the sidewalk was a dangerous condition that was open and obvious. While acknowledging that she had seen rocks on the sidewalk on previous visits to the Bank, Smith argues that her prior experience is not determinative of whether the danger was obvious and whether the Bank nonetheless had a duty to anticipate the harm and protect invitees. In light of factual issues regarding the circumstances of the accident, Smith contends the jury should have been allowed to consider whether the rocks presented an open and obvious danger.

"In a negligence action, liability only exists when a defendant's conduct 'falls below the standard [of care] estab-

ed.

lished by law for the protection of others against unreasonable risk of harm.'" *Harris v. Niehaus,* 857 S.W.2d 222, 225 (Mo.banc 1993) quoting Restatement (Second) of Torts, Section 282. Whether a defendant's conduct falls short of the standard of care is generally a question of fact for the jury. *Id.* However, a case should not be submitted to the jury if there is no evidence to support a finding that the defendant's conduct fell below the identified standard of care. *Id.*

■ Under Missouri law, a possessor of land is subject to liability for injuries suffered by an invitee due to a dangerous condition of the land only if the possessor: "(a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to the invitee; and (b) should expect that [the invitee] will not discover or realize the danger or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect [the invitee] against the danger." *Id.* at 225–26, quoting Restatement (Second) of Torts, Section 343 (1965). The second element was at issue in the Bank's motion for summary judgment. The Bank argued that it could not be held liable for Smith's injuries because the lava rocks presented an open and obvious danger that she was reasonably expected to discover.

■ Generally, "a possessor's actions do not fall below the applicable standard of care if the possessor fails to protect invitees against conditions that are open and obvious as a matter of law." *Id.* at 226. Under the Restatement, Section 343, "when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does *not* breach the standard of care owed to invitees 'unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Id.*; *see also Hellmann v.*

*Droege's Super Market, Inc.,* 943 S.W.2d 655, 658 (Mo.App.1997). Comment b of the Restatement, Section 343A(1) defines "obvious" as when "both the condition and the risk are apparent to and would be recognized by a reasonable man . . . exercising ordinary perception, intelligence, and judgment."

In support of the summary judgment motion, the Bank presented Smith's deposition testimony that she had noticed lava rocks on the sidewalk during previous visits to the Bank but not on the day of her fall. Smith said she did not see the lava rock before she stepped on it because she was counting the money received from her bank transaction. When she turned around to see what she had stepped on, she noticed the lava rock. The rock was about the size of a half or silver dollar, maroon in color, as it laid on the gray concrete sidewalk. In granting summary judgment, the trial court agreed that the presence of the lava rocks was an open and obvious dangerous condition as a matter of law.

■ Smith contends summary judgment was improper because there was a factual dispute as to whether the dangerous condition was so open and obvious that she was reasonably expected to discover it at the time the accident occurred. In response to the summary judgment motion, Smith asserted that the coin-sized lava rock she stepped on was small, and she would not have seen it even if she had not been counting her money. She argued that "people walking on public sidewalks do not customarily look for coin-sized obstacles in their way." She notes that bank patrons may be particularly unaware of sidewalk hazards as they examine receipts, fill out deposit or withdrawal slips, count money or perform other tasks while entering or exiting the bank. She asserts it would be unreasonable for banks to expect patrons to pay exclusive attention to the sidewalk

because sidewalks, generally, pose few foreseeable risks to invitees.

Smith further contends that her prior knowledge about the rocks was insufficient to establish, as a matter of law, that the dangerous condition was open and obvious. She cites *Eide v. Midstate Oil Co.*, 895 S.W.2d 35, 38 (Mo.App.1995), wherein the plaintiff sued for personal injuries after she tripped over a section of a wooden fence while mowing a weeded area outside a convenience store. *Id.* Plaintiff admitted that she had helped a store manager move the fence section to the weeded area two months before the accident. *Id.* She further admitted that she had previously mowed around the same section of fence and that she "probably did" see the fence section earlier on the date of the accident. *Id.* The defendant argued that the negligence claim was not submissible because the dangerous condition was "known and realized" by the plaintiff. *Id.* at 39. In rejecting this argument, the appeals court held that the existence of a business owner's duty to protect against a dangerous condition is not determined by the business invitee's knowledge of the condition. The court explained:

> It is not required that a business invitee establish that he lacked knowledge of the allegedly dangerous condition. Under our comparative fault system, the jury simply has the responsibility to assess the relative fault of the parties in tort actions. [The defendant's] duty argument fails in this context because it overlooks jury assessment of [the defendant's] fault for failure to maintain the convenience store in a reasonably safe condition. *An invitee's knowledge of an obvious danger is considered in determining the invitee's comparative negligence rather than in determining the duty of the owner.*

*Id.* (emphasis added, internal citations omitted)

As in *Eide,* the issue in the present case is whether the dangerous condition "was so open and obvious" that the Bank had no duty to protect Smith, as a business invitee, from harm. *Id.* Under the Restatement, even if an invitee can reasonably be expected to discover a danger, a breach of duty can occur if the owner or possessor of land should anticipate the harm despite its obviousness or the invitee's knowledge. *Harris,* 857 S.W.2d at 226. Smith testified that she did not see the lava rock on the date of her accident, and she argued the particular rock was so small that it would not have been noticed by a reasonable person in a similar situation. The record was sufficient to create an issue of fact as to whether the condition was open and obvious, and whether the Bank should have anticipated that invitees would appreciate the risk and protect themselves from danger.

In support of its summary judgment motion, the Bank cited *Landers v. Aldi, Inc.,* 153 F.3d 698, 700 (8th Cir.Mo.1998), as a "similar" case in which a federal appeals court found that small decorative stones scattered on a parking lot constituted an open and obvious dangerous condition as a matter of law. We note that *Landers* appears to conflict with our controlling precedent in *Eide,* and we are not bound by the decisions of the federal trial and intermediate appellate courts. *Doe v. Roman Catholic Diocese of St. Louis,* 311 S.W.3d 818, 823 (Mo.App.2010). The Bank has also cited negligence cases where our State courts found an open and obvious condition as a matter of law; however, all of the cases involved a natural or regular condition of land and/or a large physical structure. *Harris,* 857 S.W.2d at 226–27 (road sloped down towards a lake was a "natural condition ... open and obvious to all who would encounter it."); *Hokanson v. Joplin Rendering Co., Inc.,* 509 S.W.2d 107, 111 (Mo.1974) (the regular presence of

a greasy floor in a plant with large vats of fatty grease was a "known or obvious" danger); *Crow v. Kansas City Power & Light Co.,* 174 S.W.3d 523, 538 (Mo.App. 2005) (Overhead electrical power lines were open and obvious); *Hopkins v. Sefton Fibre Can Co.,* 390 S.W.2d 907, 912 (Mo.App.1965) (six-feet long dark brown dividers on light gray asphalt parking lot were an open and obvious condition). These cases are readily distinguished from the instant matter where the plaintiff stumbled over a relatively small rock that was lying on a sidewalk, outside its regular placement in the landscaped area.

Viewing the facts in a light most favorable to Smith, we cannot conclude, as a matter of law, that the presence of a coin-sized lava rock was a dangerous condition so open and obvious that Smith could be reasonably expected to discover it. Summary judgment was improper because the facts were disputed as to whether the danger was apparent and, if so, whether the Bank should have expected its invitees to heed the risk and take steps to avoid the harm. As in *Eide,* Smith's prior knowledge about the lava rocks is relevant in the jury's determination of her comparative fault for the accident, but not to the question of whether the Bank owed her a duty as their invitee. 895 S.W.2d at 39; see also *Luthy v. Denny's, Inc.,* 782 S.W.2d 661, 664 (Mo.App.1989). Smith presented genuine issues of material fact that should have been left for the jury's determination. The points on appeal are granted.

CONCLUSION

The summary judgment is reversed, and the cause is remanded for further proceedings.

All Concur.